UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Rumseen Beitmirza, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                 *Plaintiff,*

      *- against -*

Elymar Restaurant Corporation, Elyane Vaschetta (a/k/a Elyane Bruno), and William Welles,

                                *Defendants*.
----------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Rumseen Beitmirza ("Plaintiff" or "Beitmirza"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Elymar Restaurant Corporation (the "Corporate Defendant"), Elyane Vaschetta (a/k/a Elyane Bruno) and William Welles (together, the "Individual Defendants", and collectively, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF RUMSEEN BEITMIRZA**

6. Plaintiff Beitmirza is a resident of Manhattan, New York.

7. Plaintiff Beitmirza was employed as a server at Defendants' French restaurant, known as "Chez Napoléon", located at 365 West 50th Street, New York, NY 10019.

8. Plaintiff Beitmirza was employed as a non-managerial employee at "Chez Napoléon" from on or around January 2007 through and including December 2018.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT ELYMAR RESTAURANT CORPORATION**

11. Upon information and belief, Defendant Elymar Restaurant Corporation is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains a principal place of business at 365 West 50th Street, New York, NY 10019.

12. At all times relevant to this Complaint, Defendant Elymar Restaurant Corporation: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant Elymar Restaurant Corporation was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant Elymar Restaurant Corporation was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15. Defendant Elymar Restaurant Corporation possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16. Defendant Elymar Restaurant Corporation had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT ELYANE VASCHETTA (A/K/A ELYANE BRUNO)**

17. Defendant Elyane Vaschetta (a/k/a Elyane Bruno) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

18. Defendant Elyane Vaschetta (a/k/a Elyane Bruno) is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendants.

19. Defendant Elyane Vaschetta (a/k/a Elyane Bruno) possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

20. Defendant Elyane Vaschetta (a/k/a Elyane Bruno) determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

21. At all times relevant to this Complaint, Defendant Elyane Vaschetta (a/k/a Elyane Bruno) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT WILLIAM WELLES**

22. Defendant William Welles is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23. Defendant William Welles is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

24. Defendant William Welles possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

25. Defendant William Welles determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

26. At all times relevant to this Complaint, Defendant William Welles was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and

employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

27. Defendants own, operate and/or control a French restaurant, known as "Chez Napoleon", located at 365 West 50th Street, New York, NY 10019.

28. The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and control significant functions of the Corporate Defendant.

29. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

33. Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporate

        Defendant as a separate and legally distinct entity;

b.     defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating the Corporate Defendant for their own benefit as the majority shareholders;

e.     operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.     intermingling assets and debts of their own with the Corporate Defendants;

g.     diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

36.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

37.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

38. Plaintiff was an employee of Defendants.

39. Plaintiff was employed as a server at Defendants' French restaurant, known as "Chez Napoléon", located at 365 West 50th Street, New York, NY 10019.

40. From approximately January 2007 through and including December 2018, Plaintiff worked: four (4) days per week: 10:00 a.m. to 3:00 p.m., and 4:00 p.m. to 1:00 a.m. (*i.e.,* 14 hours per day), and two (2) days per week: 4:00 p.m. to 1:00 a.m. (*i.e.,* 9 hours per day), Monday through Saturday, for a total period of approximately 74 hours during each of the weeks, respectively.

41. From approximately January 2007 through and including December 2016, Defendants paid Plaintiff $5.00 per hour.

42. From approximately January 2017 through and including December 2017, Defendants paid Plaintiff $7.50 per hour.

43. From approximately January 2018 through and including December 2018, Defendants paid Plaintiff $8.65 per hour.

44. At all times relevant herein, Defendants had a policy and practice commonly known as "time shaving". Specifically, Defendants only paid Plaintiff for 64 hours per week when he actually worked 74.

45. Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

46. Plaintiff was ostensibly employed as a tipped worker. However, he was required to spend a considerable part his workday performing non-tipped duties, including but not limited to folding napkins, setting up place settings for tables, cutting lemons, setting up coffee, setting up tea, and preparing desserts (collectively, the "non-tipped duties").

47. Upon information and belief, Defendants employed the policy and practice of

disguising Plaintiff's actual duties in payroll records by designating him as a tipped worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff at the minimum wage rate and enabled them to pay Plaintiff at or below the tip-credit rate.

48. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because these Plaintiff's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y.C.R.R. §146.

49. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff's and other tipped employees' tips and made unlawful deductions from Plaintiff's and other tipped employees' wages.

50. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

51. At all relevant times herein, Defendants required Plaintiff, and all similarly situated individuals, to distribute their tips. Such tips were required to be distributed to non-tipped individuals at Chez Napoléon, *to wit*: Defendant Elyane Vaschetta (a/k/a Elyane Bruno).

52. Plaintiff, and all similarly situated individuals, were required to give between 25% and 33.33% of their tips to Defendant Elyane Vaschetta (a/k/a Elyane Bruno).

53. As a manager, and owner of Chez Napoléon, Defendant Elyane Vaschetta (a/k/a Elyane Bruno) should not have taken a share of Plaintiff's, and all similarly situated individuals', tips.

54. The employer-mandated tip sharing scheme imposed on Plaintiff and other waitresses is not customary.

55. The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

56. Defendants did not establish, maintain, and preserve records as required by law, or

did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

57. Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

58. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

59. Defendants employed and accounted for Plaintiff as a tipped worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

60. Regardless, at all times, Defendants paid Plaintiff and all other tipped employees at a rate that was lower than the required tip-credit rate.

61. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

62. Plaintiff was never notified by Defendants that her tips would be included as an offset for wages.

63. At no time did Defendants inform Plaintiff that they had reduced his hourly wage by a tip allowance.

64. Plaintiff was not required to keep track of his time, nor to her knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

65. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

66. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

67. Defendants did not give any notice to Plaintiff, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

68. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

69. Plaintiff brings the First, Second, and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited locksmiths and general workers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

70. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

71. The First, Second, Third, and Fourth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related

to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

72. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

73. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

74. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

75. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

76. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

77. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

78. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

79. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

80. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

81. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

82. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

83. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

85. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

86. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

87. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

88. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

89. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

90. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

91. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

92. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

93. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

94. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

95. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

96. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL § 198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

97. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

98. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

99. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (NYLL – Spread-of-Hours Pay)

100. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

101. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

102. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

103. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## EIGHTH CLAIM
### (Unlawful Wage Deductions Under the NYLL)

104. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

105. Defendants have made unlawful deductions and required kickbacks from the Plaintiff's wages, including but not limited to, deductions for mandatory tip-outs to non-tipped individuals at Chez Napoléon, *to wit*: Defendant Elyane Vaschetta (a/k/a Elyane Bruno).

106. The deductions made from Plaintiff's wages have not been authorized or required by law.

107. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

108. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the NYLL, Article 6 §§ 190 *et seq.* and the supporting regulations.

109. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h. awarding Plaintiff unpaid minimum wages;

i. awarding Plaintiff unpaid overtime wages;

j. awarding Plaintiff unpaid spread-of-hours pay;

k. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

m. awarding Plaintiff pre- and post-judgment interest under the NYLL;

n. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

o. Such other relief as this Court deems just and proper.

Dated: New York, New York
   December 9, 2021       Respectfully submitted,

                By: /s/ Jason Mizrahi
                  Jason Mizrahi
                  Joshua Levin-Epstein
                  Levin-Epstein & Associates, P.C.
                  60 East 42nd Street, Suite 4700
                  New York, New York 10165
                  Tel: (212) 792-0048
                  Email: Jason@levinepstein.com
                  *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*